(125 So. 72)

No. 30359.

SAINT, Atty. Gen., et al. v. ALLEN et al.

In re LOUISIANA HIGHWAY COMMISSION et al.

Nov. 20, 1929.

L. H. Perez and A. S. Cain, Jr., both of New Orleans, for relators.

Percy Saint, Atty. Gen., and R. A. Viosca and George S. Guion, both of New Orleans, for respondents.

THOMPSON, J. The relators ask this court, in the exercise of the authority vested in it by section 10, art. 7, of the Constitution of 1921, (1) to grant them a suspensive appeal from a judgment rendered by the district court of the parish of East Baton Rouge granting a preliminary injunction; (2) to vacate and suspend the injunction during the pendency of said suspensive appeal; (3) that a writ of certiorari issue directing the district judge to send up the record of all of the proceedings had in the case; (4) that a writ of mandamus issue to said judge directing him to vacate and set aside the judgment rendered by him granting the preliminary injunction; and, finally, that a prohibition issue to said district judge forbidding him to proceed further or to entertain further cognizance or jurisdiction of said suit.

The suit by the Attorney General is to enjoin the highway commission from employing certain members of the Legislature as attorneys for said commission and from paying said attorneys any compensation for services as such.

The preliminary injunction was issued after a full hearing on a rule nisi.

Act No. 29 of 1924, § 5, gives a person against whom a preliminary injunction has been granted a devolutive appeal as a matter of legal right, but leaves it to the discretion of the court, to grant a suspensive appeal after due notice has been served on the party obtaining the injunction.

The act further provides (section 5) that, in case the district judge refuses a suspensive appeal, the appellate court having jurisdic-

tion, or any judge thereof, may in like circumstances and under like conditions allow the same in aid of its appellate jurisdiction.

The judge below, after having issued the injunction, declined to reverse himself or to set aside the effect of the injunction by granting a suspensive appeal.

It is plain from the very terms of the statute that the discretion of granting or refusing a suspensive appeal is vested primarily in the district judge and it is equally clear that the appellate court will not substitute its discretion for that of the district judge nor interfere with the exercise of his discretion unless it is made to appear that there has been an arbitrary abuse of the discretion in refusing the suspensive appeal.

We do not find such to be the case here. Nor does the case present such exceptional features or such impending irreparable injury as would justify this court in overriding the action of the district judge and hearing the case on a writ in advance of a hearing on a devolutive appeal to which the relators are entitled.

It has been the uniform ruling of this court not to grant a suspensive appeal from an order granting a preliminary injunction except in extreme cases of emergency and where there has been a manifest abuse of the discretion which the statute vests in the judge of the first instance.

We might add that a prohibition from this court is not a writ of right, but issues at the discretion of the court, and is never granted as a substitute for an appeal nor where there is adequate remedy by appeal, except in extraordinary cases of extreme emergency.

As we have stated, relators are entitled to a devolutive appeal which must be taken within 10 days from the entry of the decree ordering the injunction. The appeal is giv-

en preference in the appellate court. There is therefore no reason why the whole case should not be heard on a devolutive appeal at as early a date as it would be on a suspensive appeal.

For the reasons assigned, the writs applied for are refused, and relators' application is dismissed.